## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 11 |
| | ) | Hon. Kathy A. Surratt-States |
| CERF BROS. BAG CO., | ) | |
| | ) | Case No. 09-51141-659 |
| Debtor. | ) | |
| | ) | |
| | ) | DEBTOR'S AND THE OFFICIAL |
| | ) | UNSECURED CREDITORS |
| | ) | COMMITTEE'S JOINT PLAN OF |
| | ) | LIQUIDATION DATED |
| | ) | SEPTEMBER 8, 2010 |
| | ) | |

Debtor Cerf Bros. Bag Co. (hereinafter, "Debtor") and the Official Unsecured Creditors Committee of Cerf Bros. Bag Co. (hereinafter, the "Committee") (collectively, the "Pl an Proponents") propose the following Plan of Liquidation (the "Plan") pursuant to Section 1121 of the Bankruptcy Code (defined below). This Plan provides for the Distribution of the net proceeds realized from the liquidation of the Debtor' s assets in accordance with the priorities established by the Bankruptcy Code and the provisions of this Plan. References made to the Disclosure Statement refer to that written Disclosure Statement Dated September 8, 2010, as approved by the Bankruptcy Court on or about _____, 2010 which provides a summary and analysis of this Plan.

## ARTICLE ONE
### Definitions

Capitalized terms used in this Plan, unless otherwise defined herein, shall have the meanings or rules of construction assigned to each under the Bankruptcy Code. In construing the defined term or terms used in the Plan, (i) the singular shall include the plural and the plural shall include the singular, (ii) the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive, and (iii) reference to any gender shall include any other gender as appropriate. Unless the context otherwise requires, the following terms used herein shall have the following meanings:

1.1 **Allowed Administrative Expense Claim** shall mean an Allowed Claim arising from costs or expenses of administration of the Debtor's Estate allowed under Section 503(b) of the Bankruptcy Code.

1.2 **Allowed Claim** shall mean any Claim in the amount and the priority classification set forth in any proof of Claim that has been timely filed in this case, or in the absence of such proof, as set forth in the Debtor's Schedule of Liabilities,

filed in the Case, unless: (i) the Claim has been listed in the Schedule as disputed, contingent, or unliquidated, in which case the Claim shall be allowed only if a proof of such Claim has been timely filed; (ii) the Claim has been objected to or is objected to after entry of the Confirmation Order, in which case such Claim shall be allowed only in an amount and classification as determined by a Final Order of the Bankruptcy Court; or (iii) the Claim has been paid in full, withdrawn or otherwise deemed satisfied in full. An Allowed Claim shall not include unmatured interest or any other cost or expense which accrues after the Petition Date unless otherwise stated in the Plan.

1.3 **Allowed Secured Claims** shall mean the Allowed Claims which are secured by Estate Property, but only to the extent of the value of Estate Property.

1.4 **Allowed Unsecured Priority Claim** shall mean an Allowed Claim which is unsecured and which is entitled to priority under Section 507 of the Bankruptcy Code.

1.5 **Allowed General Unsecured Claim** shall mean an Allowed Claim that is not entitled to priority under Section 507(a) of the Bankruptcy Code or otherwise; or as to which the claimant does not have a validly perfected, enforceable lien or security interest as defined in Sections 101(37), (49), (50) and (51) of the Bankruptcy Code; or an Allowed Claim arising from the rejection of an unexpired lease or executory contract.

1.6 **Allowed Interest** shall mean an ownership or equity interest in the Debtor, including, by way of example, all interests arising from stock ownership.

1.7 **Bankruptcy Code** shall mean Title 11 of the United States Code, 11 U.S.C. Section 101, et. seq., as amended.

1.8 **Bankruptcy Court** shall mean the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, in which the Debtor's Chapter 11 Case is pending.

1.9 **Bankruptcy Rules** shall mean the Federal Rules of Bankruptcy Procedure adopted by the Supreme Court of the United States, as amended from time to time.

1.10 **Case** shall mean the Chapter 11 bankruptcy proceedings entitled In Re: Cerf Bros. Bag Co., which proceedings are currently pending before this Bankruptcy Court as Case No. 09-51141-659.

1.11 **Cash** shall mean currency, check, draft, wire transfer and other similar forms of payment.

1.12  **Chapter 11** shall mean Chapter 11 of the Bankruptcy Code.

1.13  **Claim** shall mean any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from Debtor on or as of the Petition Date, whether or not such right is reduced to judgment, liquidated, fixed, contingent, undisputed, legal, equitable, secured or unsecured.

1.14  **Claims Disbursement Account**  shall mean the account to be established by the Disbursing Agent for the benefit of the holders of Allowed Claims, and which will be funded with all proceeds from the liquidation of Debtor's assets and the proceeds of causes of action, if any, net of court costs and litigation expenses, including but not limited to reasonable attorneys' fees.

1.15  **Committee** shall mean the Official Unsecured Creditors Committee of Cerf Bros. Bag Co. appointed pursuant to 11 U.S.C. §1102 on or about November 24, 2009.

1.16  **Confirmation Date**  shall mean the date on which the Confirmation Order is entered by the Clerk of the Bankruptcy Court in the docket for the Case.

1.17  **Confirmation Order**  shall mean the Final Order entered by the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.18  **Creditor** shall mean any Person that holds an Allowed Claim.

1.19  **Debtor** shall mean Cerf Bros. Bag Co., a Missouri corporation, the Debtor and Debtor in Possession.

1.20  **Disbursing Agent** shall mean Charles W. Riske, who, except as otherwise provided herein, shall receive on the Effective Date, all assets of Debtor's  Estate pursuant to 11 U.S.C. §1141 free and clear of all liens, Claims, encumbrances, and interests but subject to rights of holders of Allowed Claims to obtain the distributions provided for in this Plan.

1.21  **Disclosure Statement**  shall mean the written Disclosure Statement submitted by the Plan Proponents contemporaneously herewith concerning the Plan and as approved by the Bankruptcy Court pursuant to Section 1125(b) of the Bankruptcy Code, as amended from time to time.

1.22 **Disputed Claim** shall mean a Claim against the Debtor or against the Debtor's Estate that is not an Allowed Claim and as to which there is no Final Order disallowing such Claim.

1.23 **Distribution** shall mean the Cash and/or other consideration distributed under the Plan from time to time.

1.24 **Effective Date** shall mean the first business day following the day the Order of the Bankruptcy Court confirming the Plan becomes a Final Order.

1.25 **Estate** shall mean the estate created upon the commencement of this Case pursuant to Section 541(a) of the Bankruptcy Code.

1.26 **Estate Property** shall mean all of the Debtor's property, including all property in which the Debtor has an interest, as defined in Section 541(a) of the Bankruptcy Code and also includes the proceeds of any causes of action brought by Debtor or on behalf of the Estate.

1.27 **Final Order** shall mean an order or judgment of the Bankruptcy Court, as entered by the Clerk of the Bankruptcy Court on the docket related to the Case, as to which: (i) the time for appeal or petition for review has expired, and no appeal or petition for review is pending or was timely filed; or (ii) any and all appeal(s) or petition(s) for review have been finally determined or dismissed.

1.28 **Petition Date** shall mean November 2, 2010, the date Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

1.29 **Person** shall mean an individual, corporation, partnership, joint venture, trust, estate and/or an incorporated association.

1.30 **Plan** shall mean this Chapter 11 Plan of Liquidation, in its present form and as it may be further amended or modified from time to time in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the provisions contained therein.

1.31 **Plan Proponents** shall mean the Debtor and the Committee.

1.32 **Pro Rata** shall mean the same proportion that an Allowed Claim or Allowed Interest in a particular class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such class. To the extent that Disputed Claims exist in a class, until all such Disputed Claims shall, in whole or in part, have become Allowed Claims, Pro Rata shall mean the same proportion that an Allowed Claim in a particular class bears to the aggregate amount of all Allowed Claims and Disputed Claims in such class.

1.33 **Schedules** shall mean the schedules of assets and liabilities and the statement of financial affairs filed by Debtor pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007 and 1009, including all amendments and supplements thereto as of the Confirmation Date.

1.34 **Secured Claim** shall mean all Allowed Claims secured by a valid, enforceable and properly perfected lien, encumbrance, security interest, or other charge against, or interest in, Estate Property, in an amount which is not in excess of the value of the Estate Property subject to such Claim and only to the extent of the value of the lien, encumbrance or security interest of the holder of such Allowed Claim in such Estate Property, determined in accordance with Section 506 of the Bankruptcy Code. To the extent the amount of an Allowed Claim exceeds the value of the Estate Property subject to such Claim, such Allowed Claim shall be treated as an Allowed Unsecured Claim in accordance with Section 506 of the Bankruptcy Code.

1.35 **Secured Creditors** shall mean all Creditors which, as of the Petition Date, held Allowed Secured Claims.

## ARTICLE TWO
### Classification of Allowed Claims and Allowed Interests

2.1 **Inclusion in Classes.** All Allowed Claims and Allowed Interests, other than Allowed Administrative Expense Claims, which Allowed Administrative Expense Claims are not classified in accordance with Section 1123(a)(1) of the Bankruptcy Code, are placed in the classes described in this Article Two of the Plan.

2.2 **Class 1 Allowed Secured Claims.** Class 1 shall consist of all Allowed Secured Claims.

2.3 **Class 2 Allowed Unsecured Priority Claims.** Class 2 shall consist of all Allowed Unsecured Priority Claims.

2.4 **Class 3 Allowed General Unsecured Claims.** Class 3 shall consist of all Allowed General Unsecured Claims.

2.5 **Class 4 Allowed Interests in the Debtor.** Class 4 shall consist of all Allowed Interests in the Debtor.

## ARTICLE THREE
## Treatment of Claims and Classes

3.1 **Title 28 U.S.C. Section 1930 Fees.** All fees required by and assessed pursuant to 28 U.S.C. Section 1930 shall, if not previously paid in full, be paid in Cash on the Effective Date, or as soon thereafter as practicable. After the Effective Date, the Disbursing Agent shall be responsible for timely payment of fees incurred by the Estate pursuant to 28 U.S.C. §1930(a)(6), shall have authority to make such payment from Estate Property then in its hands, and shall serve on the Office of the Untied States Trustee all quarterly reports required by the Office of the United States Trustee until the case is closed or until otherwise ordered by the Bankruptcy Court.

3.2 **Allowed Administrative Expense Claims.** Each holder of an Allowed Administrative Expense Claim, if not previously paid in full pursuant to a Final Order of the Bankruptcy Court, shall, unless the holder of such Allowed Administrative Expense Claim agrees to different treatment, receive Cash equal to the unpaid amount of such Allowed Administrative Expense Claim upon the Effective Date, or as soon thereafter as practicable.

3.3 **Administrative Claims of Professionals.** All final request for payment of administrative claims of professionals employed under 11 U.S.C. §327 shall be filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date. The allowed amount of such claims shall be determined by the Bankruptcy Court, and the balance due thereon shall thereafter be immediately paid in full in Cash by the Disbursing Agent after application of any remaining deposits or retainers, with the resulting balance of any such deposit or retainer (if any) paid to the Disbursing Agent. Upon the Effective Date, any requirement that professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered afer the Effective Date will terminate.

3.4 **Class 1 Allowed Secured Claims.** The holders of all Class 1 Allowed Secured Claims shall retain all valid liens and security interests each such holder holds against the Debtor or Estate Property prior to the Petition Date and upon the Effective Date shall be entitled to immediate possession of such Estate Property as to which each such creditor holds an Allowed Secured Claim unless otherwise mutually agreed by such Creditor and the Committee.

3.5 **Class 2 Allowed Unsecured Priority Claims.** Each holder of an Allowed Unsecured Priority Claim shall, unless the holder of such Allowed Unsecured Priority Claim agrees to different treatment, receive Cash from the Claims Disbursement Account in the amount of such Allowed Unsecured Priority Claim, without interest, in accordance with the priorities set forth in 11 U.S.C. § 507(a), and as more fully set forth in Article Five below.

3.6 **Class 3 Allowed General Unsecured Claims.** Following payment in full of all Class 2 Allowed Unsecured Priority Claims, each holder of a Class 3 Allowed General Unsecured Claim shall receive a Cash Distribution from the Claims Disbursement Account up to the amount of such Allowed General Unsecured Claim, without interest, as more fully set forth in Article Five, after the total amount of all such Claims is determined. To the extent the Claims Disbursement Account does not contain sufficient funds to pay all holders of Class 3 Allowed General Unsecured Claims in full, each holder of a Class 3 Allowed General Unsecured Claim shall receive a Pro Rata share of the funds remaining in the Claims Disbursement Account.

3.7 **Class 4 Allowed Interests in the Debtor.** The holders of any Allowed Interests in the Debtor shall receive a Pro Rata Distribution only to the extent funds remain in the Disbursement Account after payment of all claims of a higher priority. All shares of stock in Debtor shall be cancelled on the date the Bankruptcy Court enters a Final Decree.

## ARTICLE FOUR
## Impairment of Classes

4.1 **Impaired Classes.** Classes 3 and 4 are impaired as defined in Section 1124 of the Bankruptcy Code.

4.2 **Unimpaired Classes.** Classes 1 and 2 are unimpaired as defined in Section 1124 of the Bankruptcy Code.

## ARTICLE FIVE
## Implementation of Plan

5.1 **Continued Existence of Debtor.** The Debtor shall remain in existence post-confirmation for the sole purpose of implementing the terms of this Plan and for such purposes will act through its President, Jerry Michelson, and such persons who Debtor shall appoint, retain, or employ. Upon the entry of a Final Decree, Debtor's corporate existence shall terminate.

5.2 **Vesting of Property in Disbursing Agent.** Upon the Effective Date, all remaining property of the Estate, as defined in 11 U.S.C. § 541, including, but not limited to, all cash, tangible personal property and all Causes of Action shall vest in the Disbursing Agent for such Estate, in accordance with section 1141 of the Bankruptcy Code free and clear of all liens, Claims, encumbrances and interests, but subject to rights of holders of Allowed Claims to obtain the distributions

provided for in this Plan. The Disbursing Agent shall be authorized to apply Estate Property to obtain and maintain such insurance policy or policies as it deems reasonably necessary and appropriate to protect the assets of the Estate.

    5.3   **Rights and Powers fo Disbursing Agent.** The Disbursing Agent shall have the rights and powers provided in this Plan and as summarized below:

        5.3.1  <u>Preservation of Causes of Action</u> . In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in this Plan, the Disbursing Agent shall retain and may enforce all Causes of Action and shall be vested with, and shall have the exclusive and sole right to enforce, any and all rights, claims, choses in action, etc. of the Debtor, whether existing on or after the Petition Date, including, but not limited to, any causes of action under sections 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code. The Disbursing Agent, in the exercise of its business judgment, will determine whether to compromise or prosecute Causes of Action for such Estate.

        Notwithstanding the foregoing, the Debtor may commence (and may prosecute and settle) any of the Causes of Action if the Disbursing Agent shall have failed or refused to commence same and Debtor shall have a thirty (30) day extension of the statute of limitations applicable to the Disbursing Agent within which to commence such action. The costs of any such action shall be paid for by funds in the Cash Disbursement Account.

        5.3.2  <u>Asset Administration</u>. The Disbursing Agent shall administer the property for the Estate from and after the Effective Date with the objective to liquidate same in a manner which balances expeditious administration of such assets with realization of maximum returns to the holders of allowed Claims against the Estate. The Disbursing Agent shall be responsible for making the distributions of Cash in accordance with the Plan.

        5.3.3  <u>Bankruptcy Case Administration</u>. From and after the Effective Date and continuing through the date on which a final decree closing the Chapter 11 Case is entered pursuant to Section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, the Disbursing Agent shall possess the rights of a party in interest pursuant to Section 1109(b) of the Bankruptcy Code for all matters arising in, arising under or related to the Chapter 11 Case. In addition to the foregoing, for all matters arising in, arising under or related to the Chapter 11 Case, the Disbursing Agent shall (i) have the right to appear and be heard on matters brought before the Bankruptcy Court or other courts of competent jurisdiction, (ii) be entitled to notice and opportunity for hearing, (iii) participate in all matters brought before the Bankruptcy Court, including but not limited to adversary proceedings, and (iv) receive notice of all applications, motions and other papers and pleadings set before the Bankruptcy Court.

5.3.4 Pending Litigation. On and after the Effective Date, and subject to the provisions of this Plan, the Disbursing Agent shall have the authority to act on behalf of the Debtor in all adversary proceedings and contested matters (including, without limitation, Avoidance Actions) pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere.

5.3.5 Professionals. The Disbursing Agent may retain such personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate, and compensate such professionals without prior approval of the Bankruptcy Court. Professionals so retained shall be "disinterested" as that term is defined in the Bankruptcy Code.

5.3.6 Exculpation. The Disbursing Agent shall not be liable for the acts or omissions taken in its capacity as the Disbursing Agent, other than acts or omissions resulting from willful misconduct or gross negligence on the part of the Disbursing Agent.

5.3.7 Effectuating Documents and Further Transactions. Debtor and the Disbursing Agent shall be authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents, and take such other actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

5.4 **Authority of the Disbursing Agent.** The Disbursing Agent shall have the authority set forth in this Plan, including the rights and powers of a bankruptcy trustee set forth in 11 U.S.C. §704 and §1106, to the extent permitted by law. The Disbursing Agent shall take such actions to collect all assets of the Debtor as it deems appropriate, and convert the same to Cash by such means as it shall deem reasonable, shall have the standing of a bankruptcy trustee, and may sue and be sued in its own capacity as "The Disbursing Agent of Cerf Bros. Bag Co."

5.5 **Compensation of the Disbursing Agent.** The Disbursing Agent shall be reimbursed from the Estate for all out-of-pocket fees, costs, and expenses (including for his services at his prevailing hourly rates) in acting under the Plan, including but not limited to, reimbursement of his reasonable attorney's fees for any professionals employed by the Disbursing Agent. The Disbursing Agent shall have a first priority lien on the assets in the Estate to secure payment of all costs, fees, and expenses incurred in the administration of the assets tendered to the Disbursing Agent under this Plan.

5.6 **Investments of Cash Pending Distributions.** Any Cash or other assets held by the Disbursing Agent shall be held or invested as permitted under Section 345 of the Bankruptcy Code, unless other investments are permitted by the Bankruptcy Court.

**5.7 Disbursing Agent Shall Establish the Claims Disbursement Account.** On or before the Effective Date, the Disbursing Agent shall open an account in which to deposit all Cash of the Debtor and shall make distributions as provided for under this Plan.

      5.7.1 On the Effective Date, to the extent the Claims Disbursement Account permits, the Disbursing Agent shall pay in full in Cash in the following order of priority: i) all Title 28 U.S.C. Section 1930 Fees; and ii) all Allowed Administrative Expense Claims.

      5.7.2 After payment in full in Cash of all amounts identified in section 5.7.1 of the Plan, and subject to the other provisions of this Plan, the Disbursing Agent shall, in its sole discretion, and consistent with and pursuant to this Plan, distribute such funds as it deems prudent, Pro Rata, to the holders of Class 2 Allowed Unsecured Priority Claims, and once said claims are satisfied in full, to the holders of Class 3 Allowed General Unsecured Claims. Distributions under this section shall be made at such times and from time to time as the Disbursing Agent, in its sole discretion, deems prudent.

      5.7.3 The Claims Disbursement Account shall require only the signature of the Disbursing Agent. Monthly account bank statements shall be delivered by the Disbursing Agent to counsel for Debtor and to counsel for the Committee.

      5.7.4 All net proceeds of any Causes of Action described in section 5.3 shall be deposited into the Claims Disbursement Account.

**5.8 De Minimus Distributions.** The Disbursing Agent shall not be required to make any Distribution to or on account of any Allowed Claim where such Distribution would be less than $50.00.

**5.9 Unclaimed Property.** The Disbursing Agent shall make Distributions to holders of Allowed Claims at those times and in the manner as set forth in the Plan and shall tender such Distributions to each Creditor at the address of such Creditor as set forth in the Schedules filed with the Bankruptcy Court unless superseded by the address as set forth in said Creditor's Allowed Claim or in a notice provided on or before the Effective Date to the Disbursing Agent at the following address:

Charles W. Riske, Disbursing Agent<br>
231 S. Bemiston, Suite 1220<br>
Clayton, MO 63105<br>
riske@ctfpc.com

In the event that any Distribution of property remains unclaimed for a period of six (6) months after it has been delivered (or after such delivery has been attempted) or otherwise made available in accordance with the Plan to the Creditor entitled thereto, such unclaimed property shall, on the next business day after such anniversary, be forfeited by such Creditor, whereupon all such unclaimed property shall, at the discretion of the Disbursing Agent, be deemed Cash and used as allowed in this Plan

5.10 **Authority of the Debtor Post-Confirmation.** The Debtor shall have the authority set forth in this Plan. Debtor shall have the authority to retain such employees and professionals as may be reasonably necessary to carry out its obligations under the Plan and the Disbursing Agent is authorized and directed to reimburse, from the assets in the Claims Disbursement Account, any such employees and professionals for such professionals' reasonable fees and expenses in accordance with the Bankruptcy Code.

5.11 **Disputed Payments.** If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any Distribution, the Disbursing Agent may, in lieu of making such Distribution to such holder, make such Distribution into an escrow account until the disposition thereof shall be determined by the Bankruptcy Court or by written agreement among the interested parties to such dispute.

5.12 **Deadline for Filing Administrative Expense Claims.** Requests for allowance and payment of Allowed Administrative Expense Claims must be filed with the Bankruptcy Court and served pursuant applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local bankruptcy rules no later than thirty (30) days after the Effective Date. Holders of such Claims who do not file a request for allowance and payment by such deadline shall be forever barred from asserting such Claims. Notwithstanding the foregoing, any professionals or other entities requesting compensation or reimbursement of expenses pursuant to Section 327, 328, 330, 331, 503, 506 or 1103 of the Bankruptcy Code for services rendered before the Effective Date shall file with the Bankruptcy Court and serve an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date; provided, however, that any professional who receives compensation or reimbursement of expenses may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date so long as the application and request for compensation and reimbursement are made in accordance with the order of the Bankruptcy Court authorizing the retention of such professional.

5.13 **Disputed Claims.** Subject to further order of the Bankruptcy Court, from and after the Effective Date, the Disbursing Agent shall have the sole and exclusive right to make, file, litigate, and settle or otherwise dispose of objections

to Claims with the Bankruptcy Court, including, but not limited to, objections regarding the allowance, classification or amount of any Claim, and shall file such objections before the expiration of ninety (90) days after the Effective Date (the "Objection Deadline"). The Objection Deadline may be extended by the Bankruptcy Court on hearing and notice as the Bankruptcy Court deems just and proper. Notwithstanding the foregoing, Debtor shall have the right, for a period of thirty (30) days afer the Objection Deadline to file objections to the allowance of any Claim and to prosecute and settle said objections as appropriate in the Debtor's sole discretion. The costs of any such action shall be paid for by funds in the Cash Disbursement Account. No Distributions shall be made to the holder of a Disputed Claim until such time as said Disputed Claim shall become an Allowed Claim. The Disbursing Agent shall not be required to establish a reserve or hold back any funds in the Claims Disbursement Account on account of Disputed Claims. Nonetheless, the Disbursing Agent may establish such a reserve or hold back such funds as it deems prudent in its sole discretion, pending resolution of such Disputed Claims.

      5.14 **Estimation of Claims.** The Disbursing Agent may, at any time, request that the Bankruptcy Court estimate any Disputed Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether an objection has been filed with respect to such Claim, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time, including during litigation concerning any objection to such Claim. In the event that the Bankruptcy Court estimates any Disputed Claim, the estimated amount may constitute either an Allowed Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Disbursing Agent (or the Debtor consistent with the provisions of section 5.13 above) may elect to pursue any supplemental proceedings to object to payment of such Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and are not exclusive. On and after the Effective Date, Claims which have been estimated subsequently may be compromised, settled, withdrawn or otherwise resolved without further order of the Bankruptcy Court.

      5.15 **No Recourse to Estate, Debtor, Committee or Disbursing Agent.** Notwithstanding that the allowed amount of any particular Disputed Claim may be reconsidered under the applicable provisions of the Bankruptcy Code or allowed in an amount for which there is insufficient Cash in the Claims Disbursement Account to provide a recovery equal to that received by other holders of Allowed Claims in the relevant class, no such holder shall have recourse to the Estate, the Debtor, the Committee, or the Disbursing Agent, or any of their respective employees, professionals, members, or their successors or assigns, or the holder of any other Claim, or any of their respective property. Nothing in the Plan, however, shall modify any right of a holder of a Claim under Section 502(j) of the Bankruptcy Code with respect to any funds then remaining in the Claims Disbursement Account.

5.16 **Limitation of Liability.** The Debtor, Committee, and the Disbursing Agent, and each of their respective employees, members, and all of their professionals are hereby exculpated by Debtor and by holders of Claims and Allowed Interests from any and all claims, causes of action and other assertions of liability (including breach of fiduciary duty) arising out of the discharge of the powers and duties conferred upon them by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of gross negligence or willful misconduct. No current holder of a Claim or Allowed Interest, or representative thereof, or other party in interest shall have or pursue any claim or cause of action against any of such parties, their employees, or any of their professionals for making payments or Distributions in accordance with the Plan.

5.17 **Dissolution of the Committee.** Upon completion of its functions as designated herein, the Committee shall be dissolved.

5.18 **Existence of Debtor.** From and after the Effective Date, Debtor shall remain in existence only to the extent necessary to implement the provisions of this Plan. Upon the full implementation of the Plan and entry of a Final Decree, any and all outstanding stock in Debtor will be and will be deemed to be cancelled, and the Debtor will be and will be deemed to be dissolved in accordance with applicable Missouri General Corporation Law or any similar applicable state law.

## ARTICLE SIX
### Executory Contracts and Unexpired Leases

6.1 **Assumption and/or Rejection.** All of Debtor's executory contracts and unexpired leases which have not specifically been assumed or rejected as of the Effective Date pursuant to Section 365 of the Bankruptcy Code shall be deemed rejected on the Effective Date, such rejection shall be effective as of the Petition Date.

6.2 **Claims Based on Rejection.** To the extent any party has a Claim arising from the rejection of an executory contract or unexpired lease by operation of this Article Six and the Plan, such party shall have thirty (30) days from the Effective Date to file a proof of claim based on such rejection and such claim shall be classified is Class 3 for purposes of any Distribution under the Plan. Any Claim with respect to a rejected contract or lease that is not filed within thirty (30) days of the Effective Date shall be forever barred.

# ARTICLE SEVEN
## Voting

7.1 Only holders of Allowed Claims in Class 3 may vote on the Plan. Holders of Class 4 Allowed Interests are conclusively deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Holders of Allowed Claims in Classes 1 and 2 are conclusively deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

7.2 Only the holder of an Allowed Claim is entitled to submit a ballot with respect to acceptance or rejection of the Plan. Notwithstanding the fact that an entity filed a proof of claim in the Case, if the Debtor has filed an objection to such entity's proof of claim and such objection has not been resolved by a final order of the Bankruptcy Court by the deadline for submitting a ballot set out in the Disclosure Statement, such entity is not eligible to vote unless such entity obtains a Final Order of the Bankruptcy Court temporarily allowing its proof of claim for the purpose of accepting or rejecting the Plan in accordance with Rule 3018(a) of the Bankruptcy Rules.

7.3 Notwithstanding the foregoing, any entity or person that has filed a proof of claim asserting an unsecured priority claim may voluntarily waive the right to assert an unsecured priority claim and may reclassify such claim as a Class 3 Allowed General Unsecured Claim. Any such entity or Person voluntarily reclassifying his, her, or its claim in such manner may vote on the Plan as a holder of a Class 3 Allowed General Unsecured Claim.

# ARTICLE EIGHT
## Releases

8.1 **Releases by the Debtor.** As of the Effective Date of the Plan, the Debtor, in its individual capacity and as Debtor-in-Possession will be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtor to enforce the Plan and the contracts, releases, indentures and other agreements or documents delivered thereunder) whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the parties released pursuant to Article Eight of the Plan, the Chapter 11 proceedings, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtor or its Estate against (a) the current and former directors, officers and employees (in their capacities as such) of the Debtor

or any of its affiliates and non-Debtor subsidiaries, and the agents and professionals of the Debtor and any of its affiliates or non-Debtor subsidiaries, including lawyers, staff and others employed by such agents and professionals; and (b) the Committee and its agents and professionals including lawyers, staff and others employed by such agents and professionals.

## ARTICLE NINE
## Effect of Confirmation

9.1 **No Discharge.** The Confirmation Order shall not discharge the Debtor from any debt or liability that arose before confirmation of the Plan, as provided in Section 1141(d)(3) of the Bankruptcy Code.

9.2 **Binding Effect.** Except as otherwise provided in Section 1141(d)(3) of the Bankruptcy Code, on and after the Effective Date, the provisions of this Plan shall bind the Debtor, the Committee, any holder of a Claim against, or Allowed Interest in, the Debtor (whether or not the Claim or Allowed Interest of such holder is impaired under this Plan and whether or not such holder has accepted or is deemed to have accepted this Plan), and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

## ARTICLE TEN
## General Provisions

10.1 **Modification of Plan.** The Plan Proponents may, pursuant to Section 1127(a) of the Bankruptcy Code, modify the Plan at any time prior to the entry of the Confirmation Order. After entry of the Confirmation Order, the Committee or the Plan Committee, as the case may be, may, pursuant to Section 1127(b) and (c) of the Bankruptcy Code, and with approval of the Bankruptcy Court, modify or amend the Plan. Any modification or amendment, which does not materially or adversely affect the interests of Persons affected by the Plan, can be made without having to solicit acceptance of such modification or amendment. Further, the Committee or the Plan Committee, as appropriate, may take such steps as are necessary to carry out the purpose and effect of the Plan as modified or amended.

10.2 **Closing of the Case.** After the Estate of the Debtor has been fully administered, the Bankruptcy Court shall close the Case in accordance with Section 350 of the Bankruptcy Code.

10.3 **Further Actions.** Pursuant to Section 1142(b), the Confirmation Order shall operate as an order of the Bankruptcy Court directing the Debtor and any other necessary parties to execute and deliver, or join in the execution and delivery, of any instrument required to effect a transfer of the Estate Property, and to perform any other act that is necessary for the consummation of this Plan.

10.4 **Captions.** Captions used in this Plan are for convenience only, and shall not affect the construction of the Plan.

10.5 **Disputed, Unliquidated and Contingent Claims.** Notwithstanding any other term or condition of this Plan, disputed, unliquidated and contingent Claims shall be paid only upon allowance, in accordance with the provisions of Section 502 of the Bankruptcy Code. The Disbursing Agent may, if it so elects, but without any obligation to do so, establish any reserve with respect to the Claims Disbursement Account with respect to disputed, unliquidated or contingent Claims.

10.6 **Jurisdiction of the Bankruptcy Court.** After the entry of the Confirmation Order, the Bankruptcy Court will retain jurisdiction for the following purposes:

(a) To determine the classification and priority of all Claims against Debtor or Allowed Interests in the Debtor, and to re-examine any such claims or interests which may have been allowed. The failure by the Debtor, the Committee, or any party-in-interest, initially to object or to examine any such claims or interests, shall not be deemed to be a waiver of its rights to object to, or cause to be re-examined, any such claim or interest, in whole or in part;

(b) To determine applications for the rejection or assumption of executory contracts which are not determined prior to the Confirmation Date, and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Bankruptcy Court may direct;

(c) To hear and determine all applications for compensation and other Administrative Expenses;

(d) To conduct hearings on valuation, as necessary, and to determine whether any party-in-interest is entitled to recover against any Person any claim, whether arising under Section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise, whether such voidable transfer occurred prior to or after the Petition Date;

(e) To hear and determine any and all adversary proceedings or contested matters pending at or initiated after the Effective Date;

(f) To determine any modification of the Plan after Confirmation pursuant to Section 1127 of the Bankruptcy Code;

(g) To determine all matters, controversies and disputes arising under or in connection with the Plan or the application or disposition of the Estate Property;

(h) To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Plan Committee under the confirmed Plan;

(i) To enter any order in the aid of the execution, consummation, or implementation of the Plan to the extent authorized or consistent with the provisions of 11 U.S.C. §§105 and 1142;

(j) To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules; and

(k) To carry out any and all additional actions relating to these Chapter 11 proceedings as set forth in the Bankruptcy Code or other applicable law.

10.7 **Request for Confirmation.** To the extent deemed necessary, the Plan Proponents hereby request the Bankruptcy Court enter an Order confirming the Plan.

10.8 **Cram-Down.** If any impaired class under the Plan, in accordance with Sections 1126 and 1129(a)(8) of the Bankruptcy Code, fails to accept the Plan, the Plan Proponents reserve the right to request the Bankruptcy Court to confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code and to automatically cause such modification of the Plan as is necessary to enable the Plan to provide treatment of claims to satisfy the requirements of Section 1129(b) of the Bankruptcy Code.

10.9 **Disclosure Statement.** In making a decision to vote for or against this Plan, holders of Claims and Allowed Interests should refer to the Disclosure Statement approved by the Bankruptcy Court for additional information relating to the Debtor and the Plan.

10.10 **Notice.** Any notices required or permitted to be provided under or in connection with this Plan shall be in writing and served either by (i) certified mail, return receipt requested, postage prepaid; (ii) hand delivery; or (iii) reputable overnight delivery service, all charges prepaid, and shall not be deemed to have been given until received by:

If to Debtor:    Steven Goldstein, Esq.
Goldstein & Pressman, P.C.
10326 Old Olive Street Rd.
St. Louis, MO 63141-5922.

| | |
|---|---|
| If to the Committee: | Robert E. Eggmann, Esq.<br>Lathrop & Gage, L.C.<br>Pierre Laclede Center<br>7701 Forsyth Blvd., Suite 400<br>St. Louis, MO 63105 |
| If to Disbursing Agent: | Charles W. Riske, Esq.<br>Copeland, Thompson & Farris, P.C.<br>231 S. Bemiston, Suite 1220<br>Clayton, MO 63105 |

Respectfully Submitted,

**Official Unsecured Creditors**     **Cerf Bros. Bag Co.**
**Committee of Cerf Bros. Bag Co.**

By: _____     By: *(signed)* Jerry C Michelson
                                                               Jerry Michelson

service, all charges prepaid, and shall not be deemed to have been given until received by:

    If to Debtor:             Steven Goldstein, Esq.
                                  Goldstein & Pressman, P.C.
                                  10326 Old Olive Street Rd.
                                  St. Louis, MO 63141-5922.

    If to the Committee: Robert E. Eggmann, Esq.
                                  Lathrop & Gage, L.C.
                                  Pierre Laclede Center
                                  7701 Forsyth Blvd., Suite 400
                                  St. Louis, MO 63105

    If to Disbursing Agent:    Charles W. Riske, Esq.
                                  Copeland, Thompson & Farris, P.C.
                                  231 S. Bemiston, Suite 1220
                                  Clayton, MO 63105

                                                  Respectfully Submitted,

**Official Unsecured Creditors**        **Cerf Bros. Bag Co.**
**Committee of Cerf Bros. Bag Co.**

By: _[signature]_                                        By: _____
                                                                     Jerry Michelson