UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 11 |
| | ) | Hon. Kathy A. Surratt-States |
| CERF BROS BAG CO., | ) | |
| | ) | Case No. 09-51141-659 |
| Debtor. | ) | |
| | ) | |
| | ) | #69 |
| | ) | Hearing Date: December 6, 2010 |
| | ) | Hearing Time: 11:00 A.M. |
| | ) | |
| | ) | |
| | ) | |

Cerf Bros. Bag Co., debtor and debtor in possession in the above-referenced Chapter 11 proceedings (the "Debtor") and the Official Unsecured Creditors Committee of Cerf Bros. Bag Co. (the "Committee"), having filed with this Court under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") ***Debtor's and the Official Unsecured Creditors Committee's Joint Plan of Liquidation Dated September 8, 2010*** (the "Plan"); and ***Debtor's and the Official Unsecured Creditors Committee of Cerf Bros. Bag Co. Joint Disclosure Statement Dated September 8, 2010*** with respect to the Plan (the "Disclosure Statement") having been approved by this Court's ***Order Approving Disclosure Statement and Notice of Hearing on Confirmation of Plan and Notice of Deadline for Objections to Plan*** (the "Disclosure Statement Order") on or about October 20, 2010 after due and proper notice to all creditors and other parties in interest to this Chapter 11 proceeding; and a copy of the Plan, the Disclosure Statement, the Disclosure Statement Order, an approved ballot, and related materials having been duly transmitted to all known holders of claims or

interests in this case on or before October 25, 2010, as provided in the Disclosure Statement Order; and the solicitation of acceptances from holders of claims or interests in this case having been made by Debtor and the Committee in the manner required by this Court and consistent with the Bankruptcy Code; and a hearing to consider confirmation of the Plan and other matters relating to confirmation having been held by the Court on December 6, 2010 (the "Hearing") upon proper notice as heretofore directed by this Court's Disclosure Statement Order; and the Certificate of Mailing dated October 25, 2010 evidencing compliance with said Disclosure Statement Order having been filed; and upon consideration of the entire record of this Chapter 11 proceeding including the argument of counsel, the offer of proof proffered by the Plan Proponents, the evidence received by the Court at the Hearing, and the ballots cast in favor of the Plan; and the Debtor and the Committee having filed with this Court a Report of Balloting; no party having filed or presented to the Court an objection to confirmation of the Plan, and after due deliberation and consideration of the credibility of the witnesses and the evidence adduced, the Court determines that sufficient factual and legal cause has been presented to make the following Findings of Fact and Conclusions of Law:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this proceeding and the persons or governmental units subject hereto, pursuant to 28 U.S.C. §§157 and 1334 and Local Rule 9.01(B)(1) of the LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI.

2.  Venue before this Court is purport pursuant to 28 U.S.C.§1409(a).

3. The proceeding with respect to confirmation is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (L), and (O).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code, including the classification and mandatory and permissive plan content provisions of sections 1122 and 1123 of the Bankruptcy Code. 11 U.S.C. §1129(a)(1). In particular:

    (A)    The Plan properly designates classes of claims and interests consistent with §1122 of the Bankruptcy Code and otherwise complies with the provisions of 11 U.S.C. §1123(a)(1);

    (B)    The Plan specifies the classes of Claims and Interests not impaired under the Plan and otherwise complies with the provisions of 11 U.S.C. §1123(a)(2);

    (C)    The Plan identifies the classes of Claims and Interests impaired under the Plan and specifies the treatment of Claims and Interests in such classes and otherwise complies with the provisions of 11 U.S.C. §1123(a)(3);

    (D)    The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of such Claim or Interest agrees to a less favorable treatment of such Claim or Interest and otherwise complies with the provisions of 11 U.S.C. §1123(a)(4);

    (E)    The Plan provides adequate means for the execution and implementation of the Plan and otherwise complies with the provisions of 11 U.S.C. §1123(a)(5); and

    (F)    As the Plan contemplates the cessation of Debtor's operations, the provisions of 11 U.S.C.§1123(a)(6), (7), and (8) do not apply.

2. Debtor and the Committee (the "Plan Proponents") have complied with all applicable provisions of the Bankruptcy Code, including the disclosure requirements of section 1125 of the Bankruptcy Code. 11 U.S.C. §1129(a)(2).

3. The Plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. §1129(a)(3).

4. Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Plan and incident to this Chapter 11 proceeding has been approved by, or is subject to the approval of, the Court as reasonable. 11 U.S.C. §1129(a)(4).

5. The Plan Proponents have disclosed the identity and affiliations of each individual who will serve as an officer of Debtor, each individual who will serve as a director of Debtor, and each insider who will be employed by Debtor (and the nature of the compensation for each such insider) as required by 11 U.S.C. §1129(a)(5).

6. As the Plan calls for Debtor to cease operations and as Debtor effectively ceased operations after liquidating its property pursuant to the orders of this Court, no governmental regulatory commission has jurisdiction over rates of the Debtor, and thus the requirements of 11 U.S.C. §1129(a)(6) of the Bankruptcy Code are not applicable.

7. In accordance with the Disclosure Statement Order, the Plan Proponents solicited an acceptance or rejection of the Plan from the holders of the Class 3 claims, which class accepted the Plan. The Court adopts the Report of Balloting tendered by the Plan Proponents.

8. The procedures by which ballots were distributed, solicited, and tabulated were fair, were properly conducted, and complied with the applicable provisions of Title 11 of the United States Code, with the Disclosure Statement Order, and with the Local Rules of Bankruptcy Procedure of this Court.

9. With respect to each impaired class, each holder of a Claim or Interest of such class has either accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code as required by 11 U.S.C. §1129(a)(7)(A). No election under section 1111(b)(2) of the Bankruptcy Code has been made by the holder of any claim.

10. The Plan's treatment of any Claims of the type specified in §507(a) of the Bankruptcy Code is proper and appropriate under the circumstances of this case and complies with the provisions of 11 U.S.C. §1129(a)(9)(A), (B), and (C).

11. Class 3, as set out in the Plan, is an impaired class and has voted to accept the Plan and the Plan complies with 11 U.S.C. §1129(a)(10).

12. The Plan is feasible. The Plan calls for Debtor to make certain distributions on and after the Effective Date and provides for the liquidation of Debtor and specifically provides for the liquidation of the assets of the Debtor and therefore the Plan complies with 11 U.S.C. §1129(a)(11).

13. All fees payable under 28 U.S.C. §1930 have been paid or will be paid on the Effective Date of the Plan, thus satisfying the requirements of 11 U.S.C. §1129(a)(12).

14. Debtor has no obligation with respect to retiree benefits as that term is defined in 11 U.S.C. §1114 and thus 11 U.S.C.§1129 (a)(13) is not applicable.

15. The provisions of 11 U.S.C. §§1129(a)(14) and (15) are inapplicable to Debtor as Debtor is not an individual and is not obligated under any domestic support obligation.

16. Neither the Debtor nor the Disbursing Agent is a moneyed, business, or commercial corporation or trust and all payments or transfers made under the Plan shall be made pursuant to the provisions of the Plan and the orders of this Court, thus satisfying the requirements of 11 U.S.C. §1129(a)(16).

17. The Plan meets the requirements of section 1129(a) of the Bankruptcy Code with respect to each Class and does not discriminate unfairly among impaired Creditors.

18. The Plan does not discriminate unfairly amount among or within classes of creditors and complies with the requirements of 11 U.S.C. §1129(b)(1).

19. With respect to secured creditors, which comprise Class 1, the Plan provides for secured creditors to retain their liens, if any, in the property of Debtor and its estate, and for such creditors to recover their property on the Effective Date of the Plan, or as the parties may otherwise agree. As such the Plan is "fair and equitable" with respect to secured creditors as provided in 11 U.S.C. §1129(b)(2)(A).

20. With respect to unsecured creditors, which comprise Class 3, the Plan provides that no holder of a claim of interest junior to Class 3 will receive or retain any property under the Plan on account of such claim or interest. As such the Plan is "fair and equitable" with respect to unsecured creditors as provided in 11 U.S.C. §1129(b)(2)(B).

21. With respect to interest holders, which comprise Class 4, the Plan provides that no holder of an interest junior to Class 4 will receive or retain any property under the Plan on account of such interest. As such the Plan is "fair and equitable" with respect to interest holders as provided in 11 U.S.C. §1129(b)(2)(C)(ii).

22. The Plan is the only plan confirmed by the Court in these Chapter 11 Proceedings.

23. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of section 5 of the Securities Act of 1933 and no governmental unit has suggested such to the Court. Rather the Plan is proposed in order to effect an orderly liquidation of Debtor's assets and an equitable distribution of those assets pursuant to the priorities of the Bankruptcy Code. As such, the Plan complies with the provisions of 11 U.S.C. §1129(d).

24. Debtor's proceedings are not a "small business case" and the provisions of 11U.S.C.§1129(e) are not applicable to the Plan or to Debtor.

25. The Effective Date shall be in accordance with Article I, Section 1.26 of the Plan and the First Amended Plan.

26. Any of the foregoing Findings of Fact shall be deemed to be conclusions of law as is appropriate.

**THE COURT MAKES THE FOLLOWING
CONCLUSIONS OF LAW AND ORDERS:**

1. Any of the following conclusions of law shall be deemed to be findings of fact and are hereby incorporated as findings of fact to the extent necessary or appropriate.

2. Any and all objections to confirmation of the Plan, to the extent not previously withdrawn or resolved, are hereby **OVERRULED**.

3. All of the requirements for confirmation of the Plan under sections 1129(a), (c) and (d) of the Bankruptcy Code, except for section 1129(a)(8), are satisfied. The Plan does not discriminate unfairly and is fair and equitable within the meaning of 11 U.S.C. §1129(b)(1) and (2). The Debtor and the Committee are each appropriate proponents of the Plan under section 1121(a) and (c) of the Bankruptcy Code and the First Amended Plan is hereby **CONFIRMED**.

4. Notice of the hearing for confirmation, the deadline to file and deliver objections to confirmation, and the deadline for submission of was adequate and appropriate under the circumstances and said notice satisfies the requirements of the Bankruptcy Code, the FEDERAL RULES OF BANKRUPTCY PROCEDURE and all other applicable law, including, but not limited to, 11 U.S.C. §102(1), Rules 2002, 3018, and 3020 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, and L.R. 3018 and L.R. 3020 of the LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MISSOURI.

5. The solicitation of acceptances complied with 11 U.S.C. §§ 1125 and 1126, Rule 3018 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, L.R. 3018 of the LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MISSOURI, and the orders of this Court.

6.   Pursuant to 11 U.S.C. §1141 and this Order, the Plan and its provisions shall be and pursuant to this Order are binding upon the Debtor, any Creditor, and any Interest Holder, whether or not the Claim or Interest of such Creditor or Interest Holder or obligation of any party in interest is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted the Plan.

7.   Pursuant to Article Six of the Plan, and in accordance with 11 U.S.C. §§ 365 and 1123(b)(2) of the Bankruptcy Code, except for any and all executory contracts and unexpired leases that have been previously assumed or rejected by the Debtor pursuant to previous Orders of this Court, or as specified in the Plan, all executory contracts and unexpired leases and subleases of the Debtor are rejected by the Debtor, such rejection being effective on the Effective Date.

8.   The Bankruptcy Court shall retain jurisdiction over the bankruptcy case only in accordance with and for the purposes stated in the Plan and as provided in the Bankruptcy Code.

9.   Pursuant to Rule 3020(d) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, notwithstanding entry of the Confirmation Order, the Bankruptcy Court may enter all orders necessary or proper to administer the estate.

10.  Pursuant to 11 U.S.C. §1142(b) of the Bankruptcy Code, the Debtor, the Committee, all Creditors and all Interest Holders are directed to execute and deliver documents, instruments or agreements, or any amendments or modifications thereto, that may be necessary or appropriate to implement or consummate the Plan, and Debtor shall post said plan on http://www.gprestructuring.com.

11. Debtor's counsel shall promptly submit to the Court a proposed Notice of Entry of Confirmation Order which, upon approval by the Court, shall be mailed by the Debtor promptly as provided in Bankruptcy Rule 2002(f)(7) to all known Creditors, Interest Holders and other parties in interest in this Chapter 11 proceeding and shall post said notice, as well as a copy of this order on http://www.gprestructuring.com.

12. These findings and conclusions shall constitute the Bankruptcy Court's Findings of Fact and Conclusions of Law pursuant to Rules 7052 and 9014 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE with respect to the proceeding on the confirmation of the Plan.

13. Notwithstanding Rules 7062 and 9014 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, the Confirmation Order and these findings and conclusions shall be effective and enforceable immediately upon entry, unless otherwise ordered by the Bankruptcy Court.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: December 9, 2010
St. Louis, Missouri
LBK

**Order prepared by:**
Steven Goldstein (ARN 32790, MBE 24807)
Robert A. Breidenbach (ARN 74339, MBE 41557)
10326 Old Olive Street Rd.
St. Louis, MO 63141-5922
FAX: (314) 727-1447
(314) 727-1717
sg@goldsteinpressman.com
rab@goldsteinpressman.com